# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMIE A. WATKINS, | ) |
| Petitioner, | ) ) ) |
| | ) No. 4:12CV1268 RWS/SPM |
| IAN WALLACE, | ) ) ) |
| Respondent, | ) |

## REPORT AND RECOMMENDATIONS
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. Having reviewed the case, the Court recommends that the petition be dismissed.

### Background

Petitioner was charged with statutory sodomy in the first degree, in violation of Mo. Rev. Stat. § 566.062, for having deviate sexual intercourse with C.B. ("Victim"), who was less than twelve years old, during the summer of 2004. Resp't Ex. C at 75-76. A jury found Petitioner guilty on both counts. Id. at 9-11. The trial court sentenced Petitioner to two concurrent terms of twenty years' imprisonment. Id.

On direct appeal, Petitioner raised one point: that the trial court erred in excluding evidence of prior false allegations of sexual abuse made by Victim. Resp't Ex. H at 2. The Missouri Court of Appeals affirmed the conviction and sentence in a summary order, supplemented by a memorandum sent only to the parties setting forth the reasons for the decision. Resp't Ex. H. In its decision, the state appellate court found the facts as follows:

> Defendant was initially charged with five counts of statutory sodomy in the first degree in violation of Section 566.062. The charges were based on a series of acts Defendant performed against the victim, C.B., who was eleven years old at the time of the charged conduct. Defendant put his hands down C.B.'s pants, touched her vagina with his hand, put his fingers inside her vagina, and forced C.B. to have sexual intercourse with him. In a written statement to the police, Defendant admitted to putting his fingers in C.B.'s vagina and having sexual intercourse with C.B.
>
> The State and Defendant negotiated a plea agreement where Defendant agreed to plead guilty to two counts of child molestation in the first degree and the State would dismiss the original five counts of statutory sodomy in the first degree. Pursuant to the agreement, Defendant pled guilty to the two counts of child molestation. The trial court accepted the plea, but delayed sentencing until the completion of a sentencing assessment report. Before the sentencing hearing, the State disclosed new evidence to Defendant. The new evidence consisted of previous sexual abuse allegations made by C.B. against other people, which had not resulted in prosecutions. Based on the evidence disclosure, Defendant moved to withdraw his guilty plea. The trial court sustained the motion to withdraw the plea and set a trial date.
>
> The State then filed a substitute information charging Defendant with two counts of statutory sodomy in the first degree. Prior to trial, the State filed a motion in limine to exclude any references to evidence of other sexual abuse allegations made by C.B. because the evidence was

2

irrelevant and inadmissible. At the pre-trial conference, Defendant argued that there had been past investigations based on sexual abuse allegations by C.B. and that the allegations had been unproven. Defendant argued that these past prior investigations were relevant to C.B.'s credibility. Defendant claimed that there had been findings by the Division of Family Service that the claims were unsubstantiated and that the St. Francois County Prosecutor had declined to prosecute. Defendant also claimed that C.B. had recanted some allegations. The State responded that C.B. had not actually said that she was abused during the prior investigation and that the existence of an investigation without a charge does not necessarily make it a false allegation. The trial court found that it was not sufficient that prior investigations had been made without the filing of charges and granted the motion in limine. At trial, C.B. testified on behalf of the State. During cross-examination, Defendant renewed his objection to the exclusion of the prior allegations.

> C.B.'s school social worker, a forensic interviewer from the Children's Division, a forensic interviewer from the Children's Advocacy Center, and two investigating officers also testified on the State's behalf, but their testimony was largely based on statements C.B. made. Defendant testified and denied the charges against him. He also testified that he only made the written statement admitting to the crime because the police would not let him leave until he did so.

Resp't Ex. H at 2-4 (footnote omitted).

The Missouri Court of Appeals found that the issue was not preserved for appeal because Petitioner did not make an offer of proof at trial. Id. at 5-8. The court stated:

> Defendant's "offer" was insufficient to preserve the alleged trial court error. The "offer" at trial only consisted of mere statements and conclusions that C.B. had made prior sexual abuse allegations against people other than Defendant. It does not establish what the evidence sought to be introduced will be with the required degree of specificity. Defendant's "offer" also did not include the facts necessary to establish the admissibility of extrinsic evidence of prior false

3

> allegations. To admit the evidence, Defendant had to show that the allegation was false, C.B. knew the allegation was false, and the circumstances of the prior allegations must at least be substantially similar to the present case. Defendant failed to state whom the victim accused, when the accusations were made, under what circumstances the allegations were made, or what allegations C.B. actually made. Without these specific facts, the "offer" failed to preserve the error.

Id. at 7-8 (citations omitted). The appellate court found no plain error. Id. at 8.

Petitioner, through counsel, filed a timely motion for postconviction relief. Resp't Ex. I at 4. In the motion, Petitioner argued that trial counsel was ineffective for: advising him to abrogate the plea bargain and go to trial, failing to advise him that if he abrogated the plea bargain he would be subjected to a greater sentence, failing to object to the state's amended information filed on the morning of the trial, advising him to testify in his own defense, advising him to waive jury sentencing, and failing to preserve for appeal his objection to the motion in limine. Id. at 5-7. The motion court denied the motion without holding an evidentiary hearing. Id. at 64-67.

On appeal, Petitioner raised one ground for relief: that the motion court erred in dismissing the motion without holding an evidentiary hearing. Resp't Ex. J at 12. However, in his argument, Petitioner restated that counsel was ineffective for all the same reasons he set forth in his motion for postconviction relief. Id. at 15-31.

The Missouri Court of Appeals affirmed the denial of postconviction relief in a summary order, supplemented by a memorandum sent only to the parties setting forth the reasons for the decision. Resp't Ex. M. The appellate court first noted that Petitioner had failed to preserve any of his grounds for relief because he failed to plead them properly under the Missouri Supreme Court Rules. Id. at 6. However, the court did not affirm the lower court for that reason alone. Id. The appellate court addressed Petitioner's grounds for ineffective assistance of counsel on the merits and found them to be unsupported by the facts or abandoned due to insufficient pleading. Id. at 7-16.

## Grounds for Relief

1. The trial court erred by granting the state's motion in limine excluding evidence regarding previous unsubstantiated claims of sexual abuse by Victim.

2. Trial counsel were ineffective for advising Petitioner to abrogate the plea agreement and withdraw his plea, exposing him to a greater sentence.

3. Trial counsel were ineffective for failing to advise him that by withdrawing the guilty plea the first degree sodomy charges would be reinstated, which carried greater punishment than that provided for in the plea agreement and would be subject to Missouri's 85% rule.

4. Trial counsel were ineffective for failing to object to the state's amended information filed on the morning of trial charging him with two counts of first degree sodomy.

5. Trial counsel were ineffective for advising him to testify on his own behalf.

5

6. Trial counsel were ineffective for advising him to waive his right to be sentenced by a jury.

7. Trial counsel were ineffective for failing to make an offer of proof and preserve for appeal the issue of exclusion of evidence relating to Victim's prior allegations of sexual abuse.

8. The cumulative failures of trial counsel resulted in an unconstitutional sentence.

9. The motion court erred in denying his Rule 29.15 motion without an evidentiary hearing.

## Discussion

1. Procedural Default

    A. Standard

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (internal quotation marks and citations omitted) (citing, in part, to Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam)). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Wemark, 322 F.3d at 1021 (internal quotation marks and citations omitted). Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)).

"A federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (citation and quotations removed). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. "[A] federal claimant's procedural default precludes federal habeas review . . . only if the last state court rendering a judgment in the case rests its judgment on the procedural default." Harris v. Reed, 489 U.S. 255, 262 (1989). "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar. Id. at 263 (citations and quotations omitted).

B. Ground One

In ground one, Petitioner argues that the trial court erred by granting the state's motion in limine excluding evidence regarding previous unsubstantiated claims of sexual abuse by Victim. Respondent argues that this ground is procedurally defaulted because the Missouri Court of Appeals held that this claim for relief was not preserved for appeal.

The Missouri Court of Appeals did not affirm solely on its holding that the claim was not preserved for appeal; it also reviewed the claim for plain error.

Resp't Ex. H at 8. The United States Court of Appeals for the Eighth Circuit has noted there is a "split of authority in [the] circuit about whether [a state appellate court's] plain error review 'cures' [any] procedural default" that may result from such review, see Shelton v. Purkett, 563 F.3d 404, 408 (8th Cir. 2009), and about "the appropriateness of plain-error review in the habeas context," see Toua Hong Chang v. Minnesota, 521 F.3d 828, 832 n.3 (8th Cir. 2008). In both of these cases, the Eighth Circuit applied the AEDPA's standard of review to the court's consideration of the merits of the claims that had been considered by the state courts under plain error review only. Shelton, 563 F.3d at 407-08 (not resolving the procedural default issues and concluding, based on the assumption the claims were subject to review, that "the AEDPA mandates a deferential review of a state court decision"); Toua Hong Chang, 521 F.3d at 831-33 (declining to apply plain-error analysis and instead applying analysis under Brecht v. Abrahamson, 507 U.S. 619 (1993), which "subsumes" the AEDPA test). Based on this case law, the Court finds that this ground should not be denied as procedurally defaulted, and the Court will apply the AEDPA's standard of review when reviewing this claim below.

    C.    Grounds Two through Seven

In grounds two through seven, Petitioner argues that his trial counsel was ineffective. Respondent argues that each of these grounds are procedurally

8

defaulted because Petitioner failed to comply with the pleading rules of Missouri Supreme Court Rule 29.15.

In its decision affirming the denial of postconviction relief, the Missouri Court of Appeals noted that the Rule 29.15 motion did not comply with the pleading rules, but the court went on to address each of Petitioner's claims on the merits. Resp't Ex. M at 6-15. As a result, the state court did not "clearly and expressly" rest its decision on an independent and adequate state ground, and the claims are not procedurally defaulted. See Harris, 489 U.S. at 262.

2. Merits Analysis

A. Standard

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

    B.    Ground One

In ground one, Petitioner argues that the trial court erred by granting the state's motion in limine excluding evidence regarding previous unsubstantiated claims of sexual abuse by Victim. Respondent argues that Petitioner never established that the evidence was relevant or admissible. On plain error review, the Missouri Court of Appeals stated,

> Based on the limited information in the record, Defendant has not provided sufficient details of the prior allegations or their resolution to allow this Court to determine if the circumstances of the prior

allegations were substantially similar to the allegations in this case, if the allegations were false, or if C.B. knew the allegations were false.

Resp't Ex. H at 8.

Whether evidence was admissible under Missouri's evidence rules does not create a federal constitutional issue that is cognizable under the Court's limited jurisdiction. Estelle v. McGuire, 502 U.S. 62, 67 (1991). "In the habeas context, '[r]ules of evidence and trial procedure are usually matters of state law. A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process.'" Bucklew v. Luebbers, 436 F.3d 1010, 1018 (8th Cir. 2006) (quoting Adail v. Wyrick, 711 F.2d 99, 102 (8th Cir. 1983)).

Both during the pre-trial conference and at trial, Petitioner failed to state the nature of the Victim's prior allegations, whether they were false, and whether the Victim ever made any knowingly false representations. The trial court's decision did not create a denial of due process, and the appellate court's opinion was not contrary to clearly established federal law. Petitioner is not entitled to relief on ground one of the petition.

  C. Grounds Two and Three

In ground two, Petitioner argues that trial counsel were ineffective for advising Petitioner to abrogate the plea agreement and withdraw his plea, exposing him to a greater sentence. In ground three, Petitioner argues that trial counsel were

11

ineffective for failing to advise him that by withdrawing the guilty plea the first degree sodomy charges would be reinstated, which carried greater punishment than that provided for in the plea agreement and would be subject to Missouri's 85% rule. Respondent argues that Petitioner failed to show that his counsel's performance was deficient or that he was prejudiced by counsel's advice.

To prevail on a claim of ineffective assistance of counsel in the state courts, a defendant must show that counsel's performance was both deficient and prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In a federal habeas proceeding, however, demonstrating deficient and prejudicial conduct is not enough. To prevail on an ineffective assistance of counsel claim in a § 2254 case, a Petitioner

> must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner.

Bell v. Cone, 535 U.S. 685, 698-99 (2002).

The Missouri Court of Appeals found that Petitioner was not entitled to relief on these grounds

> because he did not allege facts that satisfy the performance prong of Strickland. . . . [Petitioner] alleged only that counsel advised him to withdraw his guilty plea and this exposed him to greater charges and increased ranges of punishment. Advising a defendant to withdraw a

> plea, standing alone, is not deficient performance. [Petitioner] did not allege facts demonstrating how counsel's performance in giving this advice was deficient. The consequences of withdrawing a plea and proceeding to trial are faced by any defendant who decides to do so. Listing these consequences does not explain how counsel's advice to withdraw [Petitioner's] plea was deficient or unreasonable under the circumstances of the case.

Resp't Ex. M at 7-8. Additionally, the appellate court found that trial counsel's decision was entitled to deference and that counsel's advice was objectively reasonable in light of Petitioner's assertions that he was innocent, that he never wanted to plead guilty, and that he wanted to go to trial. Id. at 8.

To establish prejudice, Petitioner must show that he would not have withdrawn his guilty plea but for counsel's advice. See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995). The record contains no evidence that Petitioner would have chosen to preserve his guilty plea but for trial counsel's recommendation. Petitioner was represented by attorney Renee Murphy when he pled guilty pursuant to the plea agreement. Pet. at 35. Petitioner fired Murphy and hired attorneys Ethan Corlija and Joseph Hogan only a few days before moving to withdraw his plea. See Resp't Ex. C at 83-94, 97, 102-03. In his motion to withdraw his plea, Petitioner maintained that he was "innocent of the formal charges against him and that he did not commit any of the charged offenses." Id. at 84. Petitioner further asserted that his plea was not knowingly or voluntarily made because Murphy "confused" him and told him he would spend his life in

13

prison if he did not plea, despite his repeated assertions of his innocence and desire to go to trial. Id. at 89-91. During trial, Petitioner testified that he was innocent and that his written confession was coerced. Resp't Ex. B at 269-80. Moreover, Petitioner has failed to assert that he would have preserved his guilty plea if Corlija and Hogan would have advised him concerning the risks of trial. Therefore, Petitioner has failed to demonstrate prejudice, and he is not entitled to relief on ground two of the petition.

### D. Ground Four

In ground four, Petitioner argues that trial counsel were ineffective for failing to object to the state's amended information filed on the morning of trial charging him with two counts of first degree sodomy. Respondent argues that the amended information reduced the number of counts against Petitioner, and therefore, counsel could not have been ineffective for failing to object.

When Petitioner withdrew his guilty plea, the trial court quashed the substitute information charging Petitioner with child molestation and reinstated the original indictment charging Petitioner with five counts of statutory sodomy in the first degree. Resp't Ex. I at 38. The substitute information filed on the morning of trial only included two counts of first degree sodomy. Resp't Ex. C at 75-76. As a result, the substitute information reduced the range of punishment to which Petitioner was exposed. Counsel cannot have been incompetent for failing to

object to a reduced sentence exposure. As a result, Petitioner is not entitled to relief on ground four of the petition.

      E.      Ground Five

In ground five, Petitioner argues that trial counsel were ineffective for advising him to testify on his own behalf because his trial testimony was contradictory to his testimony during the plea hearing in which he admitted being guilty of child molestation. Respondent argues that counsel's advice was reasonable in that Petitioner's testimony was consistent with the defense's theory that the Victim was lying and the police officer coerced his confession. Respondent further argues that Petitioner failed to demonstrate prejudice because the jury was never made aware of his guilty plea and nothing in the record showed that the trial judge enhanced Petitioner's sentence due to the contradictory testimony.

The Missouri Court of Appeals held that Petitioner failed to demonstrate prejudice. The court stated that "in light of the overwhelming evidence of his guilt, there is no reasonable likelihood the jury would have acquitted [Petitioner] had he not testified." Resp't Ex. M at 12.

To establish prejudice, Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's ineffectiveness, the result [of the trial] would have been more favorable to [Petitioner]." Winfield v. Roper, 460 F.3d

1026, 1033 (8th Cir. 2006). Petitioner has not alleged facts showing prejudice. And there is nothing in the record that would support finding that the outcome of the trial or the sentencing would have been more favorable to Petitioner if he did not testify. Petitioner's testimony was consistent with the defense's theory, and the evidence was sufficient to support a finding of guilty without his testimony. The decision of the Missouri Court of Appeals was not contrary to or an unreasonable application of Strickland. As a result, Petitioner is not entitled to relief on ground five of the petition.

F. Ground Six

In ground six, Petitioner argues that trial counsel were ineffective for advising him to waive his right to be sentenced by a jury because the judge had heard his guilty plea and because the judge had admonished trial counsel about the change in testimony. Respondent argues that Petitioner failed to adequately allege prejudice and nothing in the record shows that the trial judge enhanced Petitioner's sentence as a result of the conflicting testimony.

The Missouri Court of Appeals held that Petitioner's statements regarding prejudice were "[m]ere conclusory speculations" and that he failed to allege any facts, which if proved, would demonstrate prejudice. Resp't Ex. M at 14.

Petitioner makes no allegations of prejudice in the instant petition. The record does not establish that Petitioner would have received a lighter sentence as a

result of a jury recommendation. And the sentence Petitioner received was within the statutory range of punishment. Petitioner cannot satisfy the prejudice requirement because he has not attempted to do so. See Young v. Bowersox, 161 F.3d 1159, 1160 (8th Cir. 1998). As a result, Petitioner is not entitled to relief on ground six of the petition.

    G.    Ground Seven

In ground seven, Petitioner argues that trial counsel were ineffective for failing to make an offer of proof and preserve for appeal the issue of exclusion of evidence relating to Victim's prior allegations of sexual abuse. Respondent argues that Petitioner has not shown that any of the proffered testimony would have been admissible at trial, and therefore, he has failed to show prejudice. Respondent further argues that there is no clearly established federal law mandating that the Missouri Court of Appeals or this Court scrutinize the prejudice on appeal rather than at trial. See Kennedy v. Kemna, 666 F.3d 472, 486 (8th Cir. 2012).

The Missouri Court of Appeals noted that Petitioner had not stated "what facts trial counsel should have presented in an offer of proof . . ." Resp't Ex. M at 15. The appellate court held that because Petitioner had not stated any "facts, which if true, would warrant relief," Petitioner had failed to state a claim upon which relief can be granted. Id.

17

The Missouri Court of Appeals' decision is not contrary to clearly established federal law. Petitioner has not shown that any evidence existed by which counsel could have made an offer of proof. As a result, he fails to show either that counsel's failure was deficient or that the supposed evidence would have been admissible at trial. Moreover, Strickland explains that "the ultimate focus of [the ineffective assistance] inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." 466 U.S. at 696. This Court is not required to examine the issue of prejudice on appeal rather than the prejudice at trial. So, this claim fails to state a federally cognizable claim for relief, and Petitioner is not entitled to relief on ground seven of the petition.

      H.    Ground Eight

In ground eight, Petitioner argues that the cumulative failures of trial counsel resulted in an unconstitutional sentence. Respondent argues that a claim of cumulative prejudice is not a cognizable claim in habeas proceedings.

The United States Court of Appeals for the Eighth Circuit has "repeatedly . . . recognized [that] 'a habeas Petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test.'" Middleton v. Roper, 455 F.3d 838, 851 (2006). As a result, Petitioner is not entitled to relief on ground eight of the petition.

I.     Ground Nine

In ground nine, Petitioner argues that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing. Respondent argues that this is not a cognizable claim.

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. E.g. Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). Whether the motion court ought to have held a motion hearing is purely a matter of state law. As a result, Petitioner is not entitled to relief on ground nine of the petition.

**Conclusion**

For these reasons, the Court recommends that habeas relief be denied. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court further recommends that no certificate of appealability be issued. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue. 28 U.S.C. § 2253.

The parties are advised that they have fourteen (14) days to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 3rd day of September, 2013.

    /s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE