UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE A. WATKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:12 CV 1268 RWS |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

This matter is before me on Petitioner Jamie Watkins' petition for writ of habeas corpus pursuant to 28 U.S. C. § 2254. I referred this matter to United States Magistrate Judge Shirley Padmore Mensah for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). Judge Mensah filed her recommendation that Watkins' habeas petition should be denied. I granted Watkins additional time to file objections to Judge Mensah's report and he has done so. I have conducted a *de novo* review of Watkins' claims and have carefully reviewed the record in this case. Based on that review, I agree with Judge Mensah that Watkins' petition should be denied.

Watkins was charged with five counts of statutory sodomy in the first degree based on a series of acts he performed on C.B. who was eleven years old at the time. Watkins provided a written statement to the police in which he admitted

-1-

subjecting C.B. to sexual contacts. Watkins negotiated a plea agreement to a reduced charge of two counts of child molestation in the first degree with a recommended eight year prison sentence. Prior to sentencing, Watkins retained new counsel and successfully withdrew his guilty plea. The five counts of statutory sodomy were reinstated. The State proceeded at trial on only two counts of statutory sodomy. C.B and several other witnesses testified at trial in support of the charges. Watkins testified at trial that he was innocent of the charges. The jury convicted Watkins and the judge sentenced him to twenty years imprisonment on each count to run concurrently.

Watkins appealed his conviction and exhausted his post-conviction remedies in state court. In the present habeas petition, Watkins regrets having gone to trial and asserts that his counsel was constitutionally ineffective for allowing him to do so. He also claims that the trial judge erred by excluding evidence that C.B. may have made prior false allegations of sexual abuse. All of the claims raised by Watkins were addressed by the state courts.

I have thoroughly reviewed Watkins' filings, the state court rulings, and the complete record in this matter. I find that Watkins is not entitled to relief based on the grounds Judge Mensah stated in her report and recommendation. I agree with Judge Mensah's conclusion that these claims fail on the merits for the reasons stated in her report.

*Certificate of Appealability*

I have considered whether to issue a certificate of appealability in this matter. To grant a certificate of appealability, I must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Watkins has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Mensah's report and recommendation filed on September 3, 2013 is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Jamie Watkins' Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2014.